UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| **GREGORY SCOTT,** § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO.: 7:23-cv-00046 |
| § | |
| **BERKLEY REGIONAL** § | |
| **INSURANCE COMPANY,** § | |
| **AND TEXAS MUTUAL INSURANCE** § | |
| **COMPANY,** § | |
| Defendants. § | |

**BERKLEY REGIONAL INSURANCE COMPANY'S**
**NOTICE OF REMOVAL**

Berkley Regional Insurance Company ("BRIC"), respectfully petitions this Court for removal of the above-entitled action to the United States District Court for the Western District of Texas from the 142nd Judicial District Court of Midland County, Texas, and for its Notice of Removal states:

**PROCEDURAL HISTORY**

1. This action, entitled *Gregory Scott v. Berkley Regional Insurance Company and Texas Mutual Insurance Company*, pending in the 142nd Judicial District Court of Midland County, Texas, Cause No. CV59292 was commenced against BRIC via the filing of Plaintiff's Original Petition (the "Petition") on or about June 17, 2022. *See* Exhibit C.

2. BRIC was served on February 23, 2023, through its registered agent. Therefore, this removal is timely.

## CITIZENSHIP OF THE PARTIES AND JURISDICTION

3. Upon information and belief, Plaintiff Gregory Scott is a person residing in Midland County, Texas. *See* Ex. C at 1. Therefore, Plaintiff is a citizen of Texas.

4. BRIC is a domestic corporation organized under the laws of the state of Iowa with its principal place of business is located in Iowa. Therefore, BRIC is a citizen of Iowa.

5. Texas Mutual Insurance Company is a corporation formed in Texas, with its principal place of business in Travis County, Texas. Therefore, Texas Mutual is a citizen of Texas. However, Texas Mutual is neither properly joined nor served.

6. Removal is proper because there is complete diversity between Plaintiff and all Defendants who have been "properly joined and served", and more than $75,000.00 is pleaded by Plaintiff in his request for damages. 28. U.S.C §§ 1446(b)(2)(A), 1332(a); *Texas Brine Company, L.L.C. v. American Arbitration Assoc'n, Inc.,* 955 F.3d 482, 487 (5th Cir. 2020). Texas Mutual has not been served at the time of this removal, and therefore is not properly served. *See* \*\*\*.

7. Further, removal is appropriate in this matter despite the fact that Defendant Texas Mutual is a Texas company because it was improperly and fraudulently joined. *See* 28 U.S.C. § 1441(b)(2). When there is "absolutely no possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendant in state court," the improper joinder doctrine applies. *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) quoting *Griggs* v. *State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999). Here, Plaintiff does not allege a single cause of action against Texas Mutual and seeks a judicial declaration establishing Texas Mutual's rights, which Plaintiff does not have standing to seek. In addition to its lack of standing to bring a matter on behalf of Texas Mutual, Plaintiff fails to demonstrate that there is a substantial likelihood he will (1) suffer injury in the future, or (2) continuing harm or a real immediate threat of repeated injury in the

future. *Waller v. Hanlon*, 922 F.3d 590, 603 (5th Cir. 2019) citing *Baur v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003). As a result, Plaintiff does not have standing to seek said declaratory judgment to establish the rights of another. *Id.* As a result, this case is removable based on the complete diversity between Plaintiff and BRIC.

## VENUE

8. Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the suit has been pending is located in this district.

## AMOUNT IN CONTROVERSY

9. Plaintiff sues for monetary relief "over $1,000,000." Thus, the amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied. *See* Exhibit C at 5.

## ATTACHMENTS

10. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon BRIC in the state court action are attached to this notice. *See* Exhibit A.

## NOTICE TO STATE COURT

11. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this notice of removal will promptly be given to all parties and to the clerk of the 142nd Judicial District Court of Midland County, Texas.

12. Pursuant to Federal Rule of Civil Procedure 38, BRIC demands a trial by jury.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, BRIC respectfully gives notice that this state court action has been removed and placed on this Court's docket for further proceedings. BRIC further requests any additional relief which they may be justly entitled.

March 20, 2023.                                          Respectfully submitted,

*/s/Lisa M. Wilson*
**LISA M. WILSON**
Texas State Bar No. 24013767
Email: Lisa.Wilson@wilsonelser.com
**JEFFREY D. HILL**
Texas State Bar No. 24089223
Email: Jeffrey.Hill@wilsonelser.com
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**
901 Main Street, Suite 4800
Dallas, Texas  75202-3758
Telephone:  (214) 698-8000
Facsimile: (214) 698-1101

**ATTORNEYS FOR DEFENDANT BERKLEY REGIONAL INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to counsel of record in accordance with the Federal Rules of Civil Procedure, on this the 20th day of March, 2023.

    Jon Hanna
    Greg Allen
    Hanna & Allen PLLC
    700 N. Grant Avenue, Ste. 100
    Odessa, Texas 79761
    (432) 580-4878
    jon@hannalawfirm
    greg@hannalawfirm

*/s/Lisa M. Wilson*
**LISA M. WILSON**